08-2062-ag
Jiang v. Mukasey

BIA
Morace, IJ
A95 710 258

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of February, two thousand ten.

PRESENT:

>ROSEMARY S. POOLER,
>RICHARD C. WESLEY,
>DEBRA ANN LIVINGSTON,
>>*Circuit Judges*.

_____

WEN XIU JIANG,
>*Petitioner*,

>v.                                    08-2062-ag
                                       NAC

ERIC H. HOLDER, JR.,[1] UNITED STATES ATTORNEY GENERAL,

>*Respondent*.

_____

----

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as a respondent in this case.

**FOR PETITIONER:**       Farah Loftus, Century City, California.

**FOR RESPONDENT:**       Gregory G. Katsas, Assistant Attorney General, Ernesto H. Molina, Jr., Assistant Director, Anthony P. Nicastro, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED, in part, and DISMISSED, in part.

Petitioner Wen Xiu Jiang, a native and citizen of China, seeks review of an April 1, 2008 order from the BIA affirming the June 5, 2006 decision of Immigration Judge ("IJ") Philip L. Morace denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wen Xiu Jiang*, No. A 95 710 258 (B.I.A. Apr. 1, 2008), *aff'g* No. A 95 710 258 (Immig. Ct. N.Y. City June 5, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the

2

decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007).

The agency properly found that Jiang failed to demonstrate that he suffered past persecution. In *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007) (*en banc*), this Court determined that under 8 U.S.C. § 1101(a)(42) an individual is not *per se* eligible for asylum based on the forced abortion or sterilization of a spouse or partner because "applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." *See* 494 F.3d at 308. The Court held that such individuals must seek relief under the two remaining categories of 8 U.S.C. § 1101(a)(42), providing protection to applicants who demonstrate persecution based on their "other resistance to a coercive population control program" or "a well founded fear that [they] will be . . . subject to persecution for

3

such . . . resistance . . . ." *Id*. at 309-10 (quoting 8 U.S.C. § 1101(a)(42)).

In his brief before this Court, Jiang argues for the first time that he is "resistant" to China's family planning policy. Even if we were to consider Jiang's resistance argument,[2] it fails where he did not point to any part of the record demonstrating that he resisted China's family planning policies. *See Matter of S-L-L*, 24 I.& N. Dec. 1, 10 (B.I.A. 2006).

The agency also properly found that Jiang failed to establish that he has a well-founded fear of future persecution on the basis of his newly adopted practice of Falun Gong. To establish asylum eligibility based on future persecution, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). A fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best." *Jian Xing Huang v. INS*, 421

---

[2]We need not decide whether Jiang's other resistance argument is an unexhausted issue as discussed in *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007), because the argument is plainly without merit.

4

F.3d 125, 129 (2d Cir. 2005).

The agency found that Jiang's fear of persecution on account of being a Falun Gong practitioner was too speculative to merit relief. In his brief before this Court, Jiang asserts that he is entitled to relief because he is a devoted Falun Gong practitioner and, if he returns to China, he would be restricted from practicing Falun Gong and possibly detained by authorities because of China's pattern and practice of persecuting Falun Gong practitioners. Even assuming the existence of such a pattern and practice, Jiang fails to meaningfully argue that Chinese authorities are likely to become aware of his practice of Falun Gong. To demonstrate a well-founded fear of persecution, "an applicant must establish that his [or her] putative persecutor is, or could become, aware of the applicant's possession of the disfavored belief or characteristic." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142 (2d Cir. 2008) (internal quotations omitted). Here, Jiang testified that he did not practice Falun Gong in China and that if he returned to China he would practice Falun Gong only at home. The only evidence he points to is the background material, and while that evidence indicates that the Chinese government suppresses the practice of Falun

5

Gong, it does not sufficiently demonstrate how the government would become aware of his participation. Thus, "[i]n the absence of solid support for [Jiang]'s assertion that he will be subjected to [persecution], his fear is speculative at best," *Huang*, 421 F.3d at 129, and we find no reason to disturb the agency's conclusion.

Because Jiang did not challenge in his brief to the BIA the agency's denial of his withholding of removal and CAT claims, this Court does not have jurisdiction to address such a challenge in the first instance. *See* 8 U.S.C. § 1252(d)(1). We dismiss the petition for review to that extent.

For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:<br>Catherine O'Hagan Wolfe, Clerk